```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
TAMEKA SIMMONS                       :
                                     :
               Plaintiff,            :
                                     :
          -v-                        :
                                     :
AKIN GUMP STRAUSS HAUER & FIELD, LLP,:     10 Civ. 8990 (JSR)
                                     :
               Defendant.            :     MEMORANDUM ORDER
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Plaintiff Tameka Simmons brings this action against her former employer, defendant Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), asserting various claims arising from her termination. In particular Simmons alleges that Akin Gump discriminated against her on the basis of her race, retaliated against her for engaging in protected activity, and unlawfully interfered with the exercise of her rights under the Family Medical Leave Act. On January 6, 2011, Akin Gump moved for partial judgment on the pleadings with respect to Simmons' retaliation claims alone. After receiving full briefing, the Court, on February 1, 2011, granted the motion from the bench and dismissed Counts II, IV, VI, and VIII of the Amended Complaint. This Memorandum Order reconfirms that order and states the reasons therefore.

As alleged in the Amended Complaint, Simmons, an African American woman, joined Akin Gump as an associate on July 23, 2007,

1

after previously working at a different law firm. Amend. Compl. ¶ 9, 13, 16. After over two years of working in an allegedly discriminatory working environment, Simmons was informed, on September 17, 2009, "that she would be fired at the end of the year" for "purely economic" reasons. Id. at ¶ 37; see also id. at ¶¶ 45-46 (alleging that racial discrimination was the true reason for Simmons' termination). On February 8, 2010, Simmons filed a charge of racial discrimination against Akin Gump with the Equal Employment Opportunity Commission ("EEOC"). Id. at ¶ 7. Seven months later, on September 2, 2010, the EEOC issued Simmons a Notice of Right to Sue. Id. After receiving this Notice, Simmons then had ninety days to file a Title VII claim in federal court, see 42 U.S.C. § 2000e-5(f)(1), which she did on December 1, 2010.

On October 12, 2010, while she was preparing to file the instant action, Simmons received a phone call from a postal inspector requesting that she speak to an Assistant United States Attorney regarding certain matters involving a client for whom Simmons had performed services while at Akin Gump. Amend. Compl. ¶ 44. No wrongdoing on the part of Simmons was alleged. Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Partial Judgment on the Pleadings at 13. Prior to that call, Akin Gump had "failed to provide [her] with notice of the government's interest in such matters." Amend. Compl. ¶ 44. That same day, Simmons requested

2

that Akin Gump provide her with independent counsel to assist her in responding to the government's inquiries, a request that Akin Gump initially declined. Id. Instead, Akin Gump offered the assistance and advice of a lawyer at Akin Gump; but Simmons responded that this was "not an acceptable alternative" to independent counsel "[b]ecause of the obvious potential conflicts of interest" between Simmons and anyone affiliated with Akin Gump arising from the instant controversy. Exhibit A to Declaration of Christine Nicolaides Kearns, dated January 28, 2011 ("Kearns Decl. Ex. A").[1] Unbeknownst to Akin Gump, Simmons also sought ethics advice on this issue from the New York Ethics Bar Hotline, as well as her counsel in the instant action. Amend. Compl. ¶ 44. However, the following day at 2:12 PM, Akin Gump agreed to "pay the fees for" independent counsel to assist Simmons in responding to the government's inquiries. Kearns Decl. Ex. A.

Simmons contends that Akin Gump's failure to notify her of the government's interest in matters relating to work she performed while at the firm, as well as its initial refusal to provide her with independent counsel to assist in responding to the government's

---

[1] Exhibit A to the Kearns Declaration is an e-mail exchange between plaintiff and Akin Gump. Because it was necessarily relied on in making the allegations of the Amended Complaint, counsel for both parties agreed at oral argument that it is properly before the Court on the instant motion. See transcript, 2/2/2011; see also Matson v. Board of Educ. Of School Dist. of New York, 631 F.3d 57, 62 (2d Cir. 2011) ("On a motion to dismiss, the court may consider any . . . documents upon which the complaint relies and which are integral to the complaint.").

inquiries, constituted acts of retaliation under federal, state, and city law. However, she is unable to identify any authority suggesting that Akin Gump was under any legal obligation to notify her of the government's interest in matters relating to work she had performed at the firm, nor any legal obligation on the part of Akin Gump to provide Simmons with independent counsel to assist her in responding to the government's inquiries. Nor does she allege that the firm had a policy or practice of providing independent counsel to similarly-situated former employees. In the absence of any such obligation, Akin Gump's behavior cannot possibly constitute an "adverse action" of any kind, retaliatory or otherwise.[2]

Moreover, even assuming, contrary to fact, that any such obligation existed, any injury Simmons may have suffered as a result of Akin Gump's allegedly adverse action was necessarily de minimis. Within twenty-four hours of Simmons' initial request for independent counsel, Akin Gump agreed to provide her with the same. It defies plausibility to contend that Simmons suffered the litany of harms

---

[2] Plaintiff's reliance on Econn v. Barclays Bank PLC, 07 Civ. 2440, slip op. (S.D.N.Y. May 10, 2010), is misplaced. In Econn, Barclays Bank was specifically obligated, by operation of the company's Memorandum of Association, to pay plaintiff's legal fees with respect to an ongoing SEC investigation of the Bank, id. at 6 n.2, 18-20, so the obligation was not in question. The Bank paid Econn's legal fees for over two years, but abruptly discontinued such payments after Econn testified adversely to the Bank's interests before the SEC. Id. at 8. In these circumstances, the Court found that the Bank's refusal to pay Econn's attorneys' fees satisfied the material adversity requirement for a retaliation claim under the Sarbanes Oxley Act of 2002. Id.

4

alleged in the Amended Complaint -- including "mental anguish," "humiliation" and "damage to her [professional] reputation" -- based on a few hours of uncertainty as to whether she would be offered independent legal advice to respond to government inquiries in which her help was sought solely as a witness. See Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) (claim must be "plausible on its face"). The ability of plaintiff's counsel to manufacture no fewer than four separate counts of the Amended Complaint based on this legally-unsupported, factually-implausible conjecture is more a testament to counsel's creativity than to any compliance with common sense.

For the foregoing reasons, the Court hereby reconfirms its grant of defendant's motion and dismisses Counts II, IV, VI, and VIII from the amended complaint. The Clerk of the Court is directed to close document number 16 on the docket of this case.

SO ORDERED.

Dated: May 9, 2011
       New York, NY

JED S. RAKOFF, U.S.D.J.